```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
JENNIFER A. SKUZA,

                    Plaintiff,           09-CV-6013

          v.                             DECISION
                                         and ORDER
MICHAEL J. ASTRUE, Commissioner
of Social Security

                    Defendant
_____
```

## INTRODUCTION

Plaintiff Jennifer A. Skuza ("Plaintiff") brings this action pursuant to the Social Security Act ("the Act") §§ 216(i) and 223(d), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits. Specifically, Plaintiff alleges that the Appeals Council failed to consider and make as part of the record new evidence (after her hearing) from the Plaintiff's treating source. Furthermore Plaintiff asserts, that the Appeals Council's failure to consider this evidence prevented them from determining that the Plaintiff does not have residual functional capacity to perform light work as defined in 20 C.F.R 404.1567(b) except for work that requires bilateral dexterity as determined by the ALJ.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"), on grounds that the Commissioner's decision was supported by substantial evidence and based upon the application of the correct legal standards. The

Plaintiff seeks judicial review of the final administrative decision of the Commissioner pursuant to 42 U.S.C. §405(g). Plaintiff contends that the Commissioner erred as a matter of law in determining that the Plaintiff is not entitled to Social Security Disability Insurance Benefits ("DIB") which was not based on substantial evidence. After reviewing the record, this case is remanded to the Commissioner for review of the entire record, which shall include Dr. Benesch's October 2008 narrative report and Residual Functional Capacity Assessment.

## PROCEDURAL BACKGROUND

On October 23, 2006, Plaintiff, at that time 34 and one month years old, filed an application for DIB Benefits under title II, §§ 216(i) and 223 of the Social Security Act ("the Act") claiming an inability to work since January 31, 2004, due to open heart surgery, stroke, and left hand paralysis (Transcript of Administrative Proceedings at 96-98, 110, 114)(hereinafter "T."). Plaintiff's application was denied by the Social Security Administration ("the Administration") initially on February 6, 2007 (T. 54-58). Plaintiff then filed a timely request for a hearing on March 8, 2007.

Thereafter, Plaintiff appeared and testified with the assistance of an attorney, Jeffrey E. Marion, (T. 20-53) before ALJ John Costello on July 28, 2008. In a decision dated September 2, 2008, the ALJ determined that the Plaintiff was not disabled within

the meaning of the Act. This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on December 22, 2008. Prior to denial, on October 27, 2008, Plaintiff submitted new evidence to the Appeals Council which they declined to add to the record. On January 1, 2009, Plaintiff filed this action.

**DISCUSSION**

I.  **Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II.  Discussion of the Evidence

Under 42 U.S.C. §405(g) the Court's scope of review is limited to "pleadings and transcript". Specifically at issue here is whether the narrative report and Residual Functional Capacity Assessment the Plaintiff submitted to the Appeals Council on October 27, 2008 should be considered in the record. The Commissioner argues that the report should not be considered because it is not new evidence and Plaintiff did not have good cause for failing to present the evidence earlier. See Def. Br. at

21-22. The Act allows the Appeals Council to consider additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); see generally Tirado v. Bowen, 842 F.2d 595, 597 (1988).

### A. **The additional evidence should be considered.**

The Commissioner argues that Dr. Benesch's letter is not "'new' as it is primarily a reiteration of his findings over the prior four years." See Def. Br. at 20. I disagree. The claimant met his burden to show that the additional evidence is new and material. Tirado, 842 F.2d at 597; Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996); see also 20 C.F.R. §§ 404.970(b) and 416.1470(b).

The Second Circuit has held that new evidence is evidence which is not cumulative. Lisa v. Secretary of HHS, 940 F.2d 40, 44 (2d Cir. 1991). Here, Dr. Benesch's October 2008 narrative report and Residual Functional Capacity Assessment states that the Plaintiff's condition will not improve which should be considered in making an assessment of Plaintiff's Residual Functional Capacity ("RFC"). The permanency of the Plaintiff's condition is not indicated in other reports nor is her condition quantified by Dr. Benesch in terms of her RFC. Furthermore, RFC evaluations from Plaintiff's treating physicians should be considered as new evidence. See Burger v. Barnhart, 476 F. Supp. 2d 248, 257

(W.D.N.Y. 2007); Bergen v. Astrue, 121 Soc. Sec. Rep. Service 288 (E.D.N.Y. 2007).

**B. The additional evidence is material.**

Materiality requires, "a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." Tirado, 842 F.2d at 597. In order to determine if the evidence would have influenced the Secretary, the evidence should be considered within the Social Security Administrations's 5-Step sequential evaluation analysis for evaluating appointment for disability benefits. See 20 C.F.R. §416.920. The Second Circuit has described the 5-Step process as follows:

> First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocational factors such as age, education, and work experience . . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary then determines whether there is other work which the claimant could perform.

See Bush v. Shalala, 94 F.3d 40, 44-45 (2d Cir. 1996) (citations omitted).

The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the last step, and thus must demonstrate the existence of jobs in the economy that the claimant can perform. See, e.g., Kamerling v. Massanari, 295 F.3d 206, 210 (2d. Cir. 2002). When employing the five-step analysis, the Commissioner must consider four factors: "(1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or others; and (4) the claimant's educational background, age, and work experience." See Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999) (quoting Mongeur v. Heckler, 722 F.2d 1033, 1037 (2d Cir. 1983)).

Finally, the Commissioner must give special consideration to the findings of a claimant's treating physician, Dr. Benesch. A treating physician's opinion is controlling if it is "well supported by medical findings and not inconsistent with other substantial record evidence." See Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); see C.F.R. § 416.927(d)(2). The more consistent a treating physician's opinion is with other evidence in the record, the more weight it will be accorded. See § 416.927(d)(4).

Applying the required five-step framework to the Plaintiff, the ALJ found that in Step 1, Plaintiff has not engaged in substantial gainful activity since January 31, 2004; Step 2, Plaintiff has severe impairments pursuant to 20 C.F.R.

§ 404.1520(c); Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404; and Step 4, that the Plaintiff does not have the residual functional capacity to perform her past work but does have the RFC to perform light work or sedentary work. However, in light of Dr. Benesch's October 2008 narrative report and Residual Functional Capacity Assessment submitted after the ALJ's decision, the case is remanded for further consideration of this report in determining whether the Plaintiff has the residual functional capacity to perform light work or sedentary work as defined in 20 C.F.R. §404.1567. <u>See</u> P. Br. at Exhibit A; SSR 83-12 (Individuals who have loss of use of an upper extremity "would generally not be expected to perform sedentary work because most unskilled sedentary jobs require good use of both hands.").

### C. "**Good Cause**" **requirement**

The Commissioner argues that the courts should not consider the reports because they were not submitted within the prescribed time limitation or with good cause. <u>See</u> <u>Tirado v. Bowen</u>, 842 F.2d 595, 597 (2d Cir. 1988). I disagree. The Second Circuit has held that "the Secretary expressly authorized claimants to submit new evidence to the Appeals Council without a 'good cause' requirement." <u>Perez v. Chater</u>, 77 F.3d 41, 45 (2d Cir. 1996). Upon review of Dr. Benesch's October 2008 report, I find that there is

"a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently," and the evidence is material. Furthermore, the Appeals Council received the new evidence on October 27, 2008 but did not file its decision until December 22, 2008. Clearly, Plaintiff's slight delay (approximately seven days) in providing the new evidence to the Appeals Council did not hinder the Commissioner in arriving at his decision which was not issued until 56 days later on December 22, 2008.

## CONCLUSION

For the reasons set forth above, Defendant's motion is denied and the case is remanded, pursuant to 20 C.F.R. §405(g), for further proceedings including evaluation of Dr. Benesch's October 2008 narrative report and Residual Functional Capacity Assessment in making its decision concerning Plaintiff's disability and RFC.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
January 15, 2010